IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY CAMDEN
                                VICINAGE

ETHAN FLEISCHNER,

    Plaintiff,                          Civil No. 18-8526 (RMB)

        v.                           **MEMORANDUM OPINION & ORDER**

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.


**BUMB**, United States District Judge:

    This matter comes before the Court upon an appeal by Plaintiff Ethan Fleischner from a denial of social security disability benefits.

    For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

**I.    STANDARD OF REVIEW**

    When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In Plummer, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.
>
> At this [fifth] stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she

is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See <u>Podedworny v. Harris</u>, 745 F.2d 210, 218 (3d Cir. 1984).

## II. **PROCEDURAL HISTORY**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff made two related claims for benefits: (1) child disability benefits based on an alleged disability that began before the attainment of age 22; and (2) disability insurance benefits.

Before the ALJ, the Plaintiff asserted that his disabilities-- including the physical limitations Plaintiff suffered as a result of being struck by a vehicle as a pedestrian in 2012--"would limit him to less than sedentary work." [RP p. 1121] At the hearing held on March 31, 2016, Plaintiff asserted that pain, side effects from medication for pain and depression, as well as limitations associated with carpal tunnel syndrome cumulatively prevented Plaintiff from performing any work. [Id.] During Plaintiff's counsel's opening statement, counsel specifically cited to the following exhibits in the record: Exhibits 1F through 4F, 10F, 16F, 19F, 26F, 29F, and 33F.

## III. **ALJ'S DETERMINATION**

The ALJ concluded that Plaintiff was not disabled before he attained age 22, and was not disabled since turning 22. [RP p. 29] As to Plaintiff's residual functional capacity, the ALJ found:

4

> Prior to attaining age 22 and continuing, the claimant had the residual functional capacity to perform sedentary work . . . except he is limited to frequent reaching, handling, fingering, feeling, pushing and pulling with upper extremities; and occasional climbing, balancing, stooping, kneeling, crouching, and crawling. He should avoid concentrated exposure to extreme cold, wetness, and hazards such as unprotected heights and moving machinery. He is limited to performing unskilled work involving routine and repetitive tasks with occasional changes in the work setting; with no quota or production based work rather goal oriented work; and occasional interaction with coworkers, supervisors, and the public.

[RP p. 24]

## IV. **ANALYSIS**

Among other arguments, Plaintiff asserts that the ALJ's decision concerning residual functional capacity is not supported by substantial evidence because the ALJ's written decision evidences "an extreme and unusually selective review of a substantial file." [Opening Brief, p. 16] Specifically, Plaintiff observes that the written decision cites only 15 of 46 medical exhibits [Rule 9.1 letter, Dkt. No. 6] without explaining why some exhibits were considered but many others seemingly were not. Indeed, of the 10 particular exhibits Plaintiff's counsel identified by number in his opening statement, the written decision cites and discusses only four: Exhibits 3F, 10F, 16F and 19F.[1] If the ALJ deliberately excluded the other six exhibits from

---

[1] Perhaps most puzzlingly, the written decision cites and discusses the MRI at Exhibit 10F but appears to ignore the other two MRIs at Exhibits 26F and 33F. (Compare Hearing Transcript, RP p. 1121, "Those MRIs can be found at Exhibits 10F, 26F, and 33F.").

5

consideration, he must say so and explain why.

Moreover, of the evidence that is discussed, the written decision appears to be somewhat inconsistent with the record evidence, and the written decision provides no explanation for the apparent inconsistency. For example, there appears to be a significant disconnect between the written decision's discussion of Plaintiff's testimony at the disability hearing, and Plaintiff's actual testimony as transcribed at the hearing.

The written decision states,

> [A]t the hearing, [Plaintiff testified] that his wide range of daily activities that [sic] do not support his allegations of disability, including taking care of his 19-month-old son, such as feeding and changing him, watching television with him, and playing toys on the floor with him. He drives a car to his fiancée's house and to the store and bank. He drove a car for 40 minutes by himself to attend the hearing. He is also currently taking classes at Montgomery County College as a part-time student. He even plays video games.

[RP, p. 26]

However, Plaintiff testified that his 19-month-old son does not live with him, that Plaintiff's pain makes doing these activities "difficult", and that the Plaintiff's father, with whom Plaintiff lives, helps Plaintiff take care of the 19-month-old when he visits the house. [RP, p. 1123-24] Specifically, Plaintiff testified that when he watches cartoons with his son "I mostly lay down. It bothers my neck when sitting and watching," and that the physical demands of caring for a toddler require help from Plaintiff's father. [Id.]

6

Similarly, while the written decision states that Plaintiff drove by himself for 40 minutes to attend the hearing, the written decision appears to ignore the Plaintiff's further testimony that "I did have to take pain medication when I got here," [RP p. 1125] and that Plaintiff usually has to pull over and rest or stretch after driving about an hour. [Id. p. 1124]

Further, while the written decision states that Plaintiff is currently taking classes at Montgomery County College, the hearing transcript reflects the opposite:

Q: Are you currently taking classes?

A: Currently, no.

[RP p. 1126][2]

Lastly, while the written decision suggests that Plaintiff testified that he "plays video games," this Court has found no mention of video games anywhere in the hearing transcript.

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also, Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the

---

[2] Plaintiff testified that he had, in the past, only ever taken three classes at Montgomery Community College; he dropped out of one, got a C in another, and failed a third. [RP p. 1125]

7

ALJ to set forth the reasons for his decision.'")(quoting <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.). The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence for two reasons. First, the written decision does not reflect a comprehensive and complete consideration of all of the evidence, as many medical records are not addressed at all. Second, the written decision is materially inconsistent with the hearing testimony. Perhaps upon remand, the ALJ will consider all of the evidence and reach the same conclusion. At this juncture, however, the ALJ must provide a more comprehensive explanation in support of the decision. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this __30th__ day of May, 2019,

    **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

    **ORDERED** that the Clerk of Court shall close this case.

    ___s/ Renée Marie Bumb___
    RENÉE MARIE BUMB, U.S.D.J.